For State: John P. Hartigan, Attorney General.

For defendant: Peter W. McKiernan.

State
vs. }Ind. No. 16993.
Louis A. Sackett

December 4, 1933.

JOSLIN, J. Heard on demurrer to the indictment which charges that the defendant "did unlawfully * * * by writing, communication and letter threaten to injure the person of James Sinclair with intent thereby to extort money from him, the said James Sinclair.

The prosecution is based upon the following provision of Sec. 17, Chap. 395, Gen. Laws 1923: "Every person who shall * * * by any written * * * communication *threaten* any injury to the person * * * of another, with intent thereby * * * to extort money * * * shall be imprisoned" &c.

The demurrer challenges the sufficiency of the allegations contained in the indictment.

The indictment charges a statutory crime, not a crime known as common law.

It is elementary that "the indictment should contain such a specification of acts and descriptive circumstances as will on its face fix and determine the identity of the offense with such particularity as to enable the accused to know exactly what he has to meet, to give him a fair and reasonable opportunity to prepare his defense, and avail himself of a conviction or acquittal as a bar to further prosecution arising out of the same facts."

31 C. J. 660.

"In an indictment * * * every fact necessary to constitute a crime charged must be directly and positively alleged. Nothing can be charged by implication or intendment * * *."

*State* vs. *Eastern Coal Co.*, 29 R. I. 254;

*State* vs. *Davis*, 39 R. I. 276.

Where the offense is one *created by statute*, the language used in the indictment must be such as to fully and explicity set out all of the essential elements of such offense.

*State* vs. *Tourjee*, 26 R. I. 234.

The indictment alleges that the defendant did by "writing, communication and letter threaten to injure * * * with intent to extort money."

The word "communication" is used as synonymous with the words "writing" and "letter." As so used it means some written matter, or a writing.

The essential elements set forth in the statute are: 1. The communication must be written. 2. The defendant must have *threatened* injury to the person of another. 3. The threat must be with intent thereby to extort money.

Unless all of these elements are alleged, the defendant is not charged with any crime known in law. There can be no doubt that the first and third elements are fully and clearly alleged. The question is on the allegation of the second element.

The defendant maintains that there is no charge in the indictment that the writing was ever, in fact, communicated, that is, imparted, or made known to any person.

Unless such allegation appears, can it be said that the person who is the object of the threat has, in fact, been threatened? The statute does not prohibit the mere writing of something of an extortionary character. The writing must be "a menace or a declaration of one's purpose or intention to work injury to the person, property, or rights of another, with a view to restricting a person's freedom of action."

62 C. J. 932.

Can there be a restraint of a person's freedom of action if the writing never leaves the possession of the author, or the contents are never imparted to anyone?

There is no threat until and unless the writing is imparted or made known to someone. "The person threatened must be averred and proved, *and so must the fact of sending* * * * *".

Wharton's Criminal Law, sec. 1992.

For aught that appears in the indictment, the writing may never have been seen or made known to any one. In these circumstances, no law of the State has been violated. The State's admission that no conviction is possible unless the *communication* of the writing is proved is tantamount to an admission that such communication is an essential ingredient of the crime. How, then, can it be disputed that it must be alleged?

It is not necessary for an indictment to follow the wording of the statute strictly, but such an indictment cannot be upheld unless those essential elements which go to make up the crime fully and clearly appear therein.

*State* vs. *Tourjee, supra.*

See also Joyce on Indictments, Sec. 372.

Under the authorities it is clear that the State must allege and prove that there was some communication of the writing in order to obtain a conviction. There is nothing violative of the law if one writes a letter which is in its nature threatening. It must appear that the letter came to the attention of some one. This is a necessary element without which the accused has been guilty of no offense known in the law.

The State maintains that even if the indictment is defective in the particulars heretofore pointed out, such defects are cured by the provisions of Chap. 1954 of the Public Laws, 1932.

Giving full force to this statute, we find nothing therein to modify the rule above discussed relative to the requirement that all the elements necessary to constitute a *statutory* offense must appear in the indictment. Under said Chap. 1954 it is sufficient if the offense is charged by stating so much of the definition of the offense in the terms of the statute as will give the defendant notice of what offense is intended to be charged. But the statute (Sec. 3, Clause 1) still requires an indictment to allege the "description. characterization, means" &c. of a crime when the same is "an essential element of the offense".

The objection made by the defendant is not merely formal or technical. It is based upon fundamental rights which protect one accused of crime,

but presumed by a constitutional guaranty to be innocent. The defendant is within his legal rights when he refuses to go on trial on an indictment which is clearly not sufficient in law.

The demurrer must be sustained.

For State: Attorney General.

For defendant: Peter W. McKiernan.